court. The other words must be understood as claiming that the thing on which it appears is protected by a patent. Especially is it thus localized and referred to the particular parts on which it appears, when, upon another part, is found the proper patent mark, which is necessary to support an action for an infringement, in the absence of notice, under section 4900 of the Revised Statutes. This gives significance to the use of the other marks, and makes the conclusion almost irresistible, that the purpose of the other words, on the beam and the frame, are to impress upon the incautious public, that the scale is the subject of a patent, and, therefore, not open to competition in manufacture or sale. I agree, on this point, with the position of the plaintiffs' counsel, in his printed points, that "it is an error to suppose that even the patentee may so stamp his articles and deceive the public after the expiration of his patent"—citing Leather Cloth Co. v. American Leather Cloth Co., Am. Trade Mark Cas. 688, 713. And I add, in confirmation of this view, the decision of Judge Cadwalader, in the Eastern District of Pennsylvania, October 4th, 1875, in Consolidated Fruit Jar Co. v. Dorflinger [Case No. 3,129], upon reasons which seem to me quite satisfactory, and by which, on a motion for a preliminary injunction, I ought to be guided. It is, of course, no answer, that the defendant is, at least, guilty of the same fault, or even a greater. The plaintiffs fail to make these words out to be a lawful trade-mark, and, of course, cannot maintain upon them their claim for relief.

As to the charge that the defendant threatens various supposed wrongs to the plaintiffs, in imitating their manufacture, and that he represents his scales to be of the plaintiffs' make, the allegations are not so made out as to satisfy my mind of their substantial truth. Byam v. Bullard [Id. 2,262]. I doubt whether the defendant meant anything beyond the assertion of a right to use the words on the scale, which had been for many years openly used by him and his predecessors, under claim of right, and for some time, at least, and to some extent, with the knowledge of the plaintiffs or their predecessors.

Certainly, if the words "Fairbanks' Patent" do not mean to assert the existence of a patent securing the scales, but only that they are made in conformity with, and embody the invention of, the expired Fairbanks' patent, they are free to all the world. What is not free is, to pretend that a scale is made by one person, which is, in fact, made by another.

In trade-mark cases, it is by no means of course to grant preliminary injunctions, even where the plaintiff's case seems to be made out; and I shall, therefore, leave the further consideration of the case to the final hearing, when the questions as to the defendant's claim of right to the use of the words, "Fairbanks' Patent," and the other questions of fact just referred to, and the unexplained circumstances and terms of the writing claimed

to have extinguished the right of Chamberlain, can, if necessary, be further considered. The motion for an injunction must be denied, and the order heretofore made, granting an injunction till the decision of the motion, must be vacated.

## Case No. 4,608a.
FAIRBANKS & CO. v. The ARBUSTIS.
[See Case No. 7,589.]

## Case No. 4,609.
FAIRCHILD et al. v. The AURELIUS.
[5 Hunt, Mer. Mag. 263.]
District Court, D. Massachusetts. 1841.

## Case No. 4,610.
FAIRCHILD v. CAMAC.
[3 Wash. C. C. 558.] [1]
Circuit Court, E. D. Pennsylvania. Oct. Term, 1819.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]